IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WAYNE EDWARD COLE | § | |
| v. | § | CIVIL ACTION NO. 6:09cv128 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Wayne Edward Cole, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Cole complains of a conviction which he received for burglary of a habitation on June 15, 1983, for which he was assessed a punishment of 55 years in prison. He took a direct appeal, and his conviction was affirmed on August 23, 1984. He did not seek discretionary review.

The on-line records of the Texas Court of Criminal Appeals show that Cole has sought state habeas corpus relief twice, in cause no.'s 31,689-01 and 31,689-02. The first of these petitions was received by the Court of Criminal Appeals on July 29, 1996, and was dismissed without written order on November 27, 1996, and the second of these was received on May 27, 2008, and was dismissed as successive on June 11, 2008.

In his petition, Cole asserted that he was actually innocent because no crime was committed, bench discussions at trial which proved his innocence and the bias of trial officials were not transcribed, evidence was omitted from the appellate record, and there was no evidence to support the conviction because false evidence was introduced at trial.

1

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed based on the expiration of the statute of limitations. Cole filed objections to the Report on April 27, 2009.

In his objections, Cole says first that the Court has jurisdiction to allow him to proceed because he is entitled to equitable tolling of the limitations period. After pointing out that the statute of limitations is not jurisdictional, Cole says that he has been pursuing his rights diligently but that "extraordinary circumstances" have stood in his way. Specifically, he says that he sought to obtain a copy of the statement of facts from his trial for 24 years, but that he was denied access to any records by his attorney, the trial court, and the district clerk. He says that his last request to the trial court judge was on May 7, 2007, and was not answered, and on March 17, 2007, he made a request to the district clerk of Panola County, which request was denied by authority of Tex. Gov. Code 552.028(a). He says that an attorney from the office of State Counsel for Offenders told him to try the 12th District Court of Appeals for possible stored records.

On June 18, 2007, Cole says, the Texas State Law Library sent Cole "copies of an unauthorized writ and letter sent by somebody with access to the statement of facts in July 1995." On June 26, 2007, the Court of Appeals finally sent him copies of the appellate record, including the statement of facts. Cole says that he did not file two habeas corpus petitions in state court, because he did not have access to the statement of facts until June of 2007; however, he concedes that the petition which he filed after receiving the statement of facts which was dismissed as successive in June of 2008, showing that there must have been an earlier one to which the later one was successive. Cole appears to indicate that the earlier habeas corpus petition was "forged" by an unknown person. He argues that he should be entitled to equitable tolling because of his inability to obtain a copy of the statement of facts.

Cole states that because he was indigent with a court-appointed attorney, he had no reason to look for errors or ineptness on the part of his attorney until his trial. Following the trial, Cole says, he "tried to obtain the statement of facts for 24 years," and that he was denied access to

2

the records by his attorney, the trial court, and the district clerk. However, he acknowledges that when he contacted the appellate court, he was provided with a copy of the record, including the statement of facts. Although Cole says that he was "exercising due diligence," he does not explain why he apparently did not contact the Court of Appeals prior to June of 2007, during the 24 years that he says that he was trying to obtain these records. This failure to contact the last court which actually had possession of the records, despite having over two decades in which to do so, does not bespeak due diligence, and so Cole is not entitled to equitable tolling on this basis.

More pertinently, however, the Fifth Circuit has rejected virtually identical claims. In Johnson v. Johnson, 194 F.3d 1309 (5th Cir., Sept. 3, 1999) (not selected for publication in the Federal Reporter) (available on WESTLAW at 1999 WL 767047), the petitioner Troy Johnson complained, *inter alia*, that the statute of limitations on his habeas petition should be tolled because he was unable to obtain a free copy of his state court records. The Fifth Circuit held that an indigent habeas petitioner is not entitled to a free copy of his trial transcript and records to search for possible trial defects merely because he is indigent. Johnson, slip op. at *1, *citing* Bonner v. Henderson, 517 F.2d 135, 136 (5th Cir. 1975). The Fifth Circuit therefore rejected Johnson's request for equitable tolling on this ground. For the same reason, Cole has not shown that he should be entitled to equitable tolling on this ground.

Cole also argues that his delay in obtaining copies of the transcripts meant that unconstitutional state action prevented him from seeking habeas corpus relief in a timely manner, because he could not have discovered the factual predicates of his claim until a later time. However, every circuit which has addressed this specific issue has concluded that problems associated with obtaining transcripts and trial records for preparing a habeas corpus petition do not amount to "state-created impediments," setting off the commencement date of the limitations period. *See* Lloyd v. Vannatta, 296 F.3d 630, 632-33 (7th Cir.2002); Randolph v. Taylor, 69 Fed. Appx. 824, 825 (9th Cir.2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir.2002); Crawford v. Costello, 27 Fed. Appx. 57 (2nd Cir.2001). Cole's objection on this point is without merit.

Finally, Cole complains that the Magistrate Judge did not discuss the standard which should be applied in determining whether or not to grant him relief on one or more of his claims. Cole's specific grounds for relief were not addressed by the Magistrate Judge because of the existence of the procedural bar, in the form of the limitations period. Cole's objections are without merit.

The Court has conducted a careful *de novo* review of the record in this cause, including the Petitioner's pleadings, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is adopted as the opinion of the Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Wayne Edward Cole is hereby denied a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 26th day of May, 2009.**

                                              **LEONARD DAVIS**
                                              **UNITED STATES DISTRICT JUDGE**